UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PAUL E. DOWNING, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-187-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSH PETRY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Brian Eaves' motion to dismiss Plaintiff Paul Downing's claims against him. [Record No. 28] Because Eaves' challenges based on the applicable statutes of limitations cannot be resolved without reference to matters outside the pleadings, the portion of his motion seeking dismissal of the plaintiff's claims under 42 U.S.C. § 1983 and for state-law assault and battery will be denied, without prejudice. However, because Downing's claims for negligent and intentional infliction of emotional distress do not constitute stand-alone causes of action under the facts alleged in this case, they will be dismissed. Accordingly, Eaves' motion to dismiss will be denied, in part, and granted, in part.

**I.**

Plaintiff Paul Downing filed the Complaint in this matter on May 5, 2020. Therein, he described events that allegedly occurred on May 7, 2019, at the Richmond, Kentucky home he shared with his mother. According to Downing, he was in the garage of the residence restoring an antique firearm. Unknown to Downing, someone had called police dispatch requesting "a

- 1 -

welfare check on a suicidal person" at Downing's address. Madison County Sheriff's Department Deputies, including Josh Petry and Todd Chitwood, responded to Downing's residence. Officers "lined up along the front of [the] house" where they encountered Downing's mother and instructed her to remain quiet. [Record No. 1, ¶ 14]

Soon thereafter, Downing raised the garage door to let light into his workspace. Downing reports that, upon seeing law enforcement, he "froze," holding the rifle pointed straight down at his side. According to Downing's Complaint, Deputies Petry and Chitwood, among others, fired at him repeatedly, striking him in the left arm.

Downing's Complaint named Deputies Petry and Chitwood as defendants, as well as the Madison County Sheriff's Office and Unnamed Law Enforcement Officers and Unnamed Supervisors of Individual Defendants. Each of the named defendants filed an Answer and, on August 19, 2020, the Court entered a Scheduling Order. [Record No. 8] Then, on December 15, 2020, Downing filed a motion for leave to file an Amended Complaint. Through the proposed amendment, he sought to substitute Madison County Sheriff Deputy Brian Eaves for Deputy Todd Chitwood "because there was a mistake" concerning the identity of the person who fired the shot that struck Downing. [Record No. 20, p. 2]

Downing was permitted to file the Amended Complaint, which alleges claims against Eaves under 42 U.S.C. § 1983, for assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. [Record No. 22] Defendant Eaves has now filed a motion to dismiss the Amended Complaint with respect to Downing's claims against him. [Record No. 28]

## II.

Eaves contends that the claims asserted under § 1983 and for assault and battery should be dismissed because they are barred by the statute of limitations. These claims have a one-year statute of limitations that generally accrues at the time of the alleged arrest or use of excessive force. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *Everett v. Presley*, 2014 WL 2878361, at *2 (W.D. Ky. June 24, 2014) (quoting *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)). Here, Downing alleges that one or more defendants shot him on May 7, 2019. His original Complaint, filed May 5, 2020, clearly meets the one-year deadline for filing. However, his Amended Complaint naming Eaves was not filed until December 16, 2020. Eaves contends it should be dismissed as untimely. Downing says it is timely under the relation-back doctrine.

### A.     **Standards of Review**

Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading relates back to the date of the original pleading. It provides that three requirements must be satisfied for relation-back to occur: "(1) the claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the [d]efendants to be added received such notice of the claim within [90] days of the filing of the original complaint that they would not be prejudiced in defending the suit; and (3) within [90] days of the filing of the original pleading, the added [d]efendants knew or should have known that the action would have been brought against them but for [p]laintiff's mistake concerning the identity of the proper party." *Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740, 748 (E.D. Ky. 2011) (citing *Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 F. App'x 372, 374-75 (6th Cir. 2004)).

When considering a motion to dismiss under Rule 12(b)(6), the Court's analysis is limited to the allegations in the complaint, with limited exceptions. *See Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (observing that the court may consider exhibits attached to complaint, public records, and items appearing in the record, so long as they are referred to in the complaint and are central to the plaintiff's claims). "Because statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Id.* (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)).

Since the Court's review is limited to the pleadings, a motion to dismiss under Rule 12(b)(6) is typically an "'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013). However, dismissal is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). If the defendant makes the requisite showing, the burden shifts back to the plaintiff to establish that an exception exists. *Id.*

Consistent with these general rules, the proponent of relation-back has the burden of showing that the doctrine applies. *Hiler v. Extendicare Health Network, Inc.*, 2013 WL 756352, at *3 (E.D. Ky. Feb. 26, 2013) (citing *Smith v. Galia Cty. Sheriff*, 2011 WL 2970931, at *4 (S.D. Ohio July 20, 2011)). The issue of whether a pleading relates back may be addressed through disposition of a motion to dismiss if reference to matters outside the pleadings is not required. *See Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740 (E.D. Ky. 2011).

B.     Discussion

Downing's Amended Complaint is substantially similar to his original Complaint except he purports to substitute Eaves for Defendant Chitwood because "there was a mistake concerning the proper party's identity of who fired the shot that struck the Plaintiff." [Record No. 29, p. 2] Eaves agrees that Downing has satisfied the first requirement for relation-back, as the claims alleged in the Amended Complaint arise out of the same conduct or occurrence as those alleged in the initial Complaint. However, the parties disagree with respect to the second and third prongs of the analysis.

Downing must satisfy both remaining inquiries, which focus on what Eaves knew or should have known. First, the Court examines whether Eaves had notice of the lawsuit within 90 days of filing of the original Complaint. Downing says regardless of whether Eaves had actual notice, constructive notice should be imputed to him based on his relationship with the other defendants, as well as the fact that the defendants share a common attorney. *See Berndt v. State of Tennessee*, 796 F.2d 879, 883-84 (6th Cir. 1986) (describing bases for imputing notice).

In response, Eaves has submitted an affidavit stating that he retired from the Madison County Sheriff's Department effective December 1, 2019. [Record No. 28-1] Accordingly, he contends, there is no basis for imputing knowledge of the lawsuit to him based on his association with the other defendants. Additionally, the Defendants' attorney, D. Barry Stilz has tendered an affidavit stating that neither he nor anyone else at his firm had case-related communications with Eaves prior to December 15, 2020. [Record No. 28-2] While this information likely is relevant, the Court may not consider it without converting Eaves' motion

to one for summary judgment under Rule 56. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502-03 (6th Cir. 2006).

The third factor examines whether Eaves knew or should have known that, but for a mistake, he would have been named as a defendant in Downing's lawsuit. Downing has not provided any explanation for failing to name Eaves—he says he simply made a mistake. It is plausible that Downing was confused, initially, about which officer(s) shot him and therefore who to identify in the Complaint. However, according to Downing's response to the defendant's motion to dismiss, he was charged with attempted murder of a police officer on May 7, 2019. Downing reports that Eaves drafted the charging document, which Downing has filed in this case and is publicly accessible through the Kentucky Court of Justice Courtnet 2.0 system. [Record No. 31, p. 9] According to Downing, Eaves' narrative "alleges that only Defendant Eaves and Defendant Petry fired at [Downing]." *Id.* Based on the availability of this report, it is unclear why Downing would not have been aware of Eaves' identity on May 7, 2019, or shortly thereafter.

Regardless, following the United States Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), it is unclear that Downing is required to provide any additional explanation regarding his mistake. *Krupski* defines "mistake" broadly and teaches that the relevant inquiry is "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [the] original complaint." *Id.* at 548 (emphasis in original). Downing contends that Eaves knew or should have known that, absent a mistake, he would have been named in the lawsuit. In other words, according to Downing, Eaves could not have reasonably believed that Downing

made a conscious decision not to sue Eaves (the individual who shot him) while choosing to sue Chitwood (an individual who was a mere bystander).

The Court notes that both the original and Amended Complaints name "Unnamed Law Enforcement Officers" as defendants. Eaves suggests that Downing has strategically dropped Chitwood from the lawsuit and substituted Eaves as a previously "Unnamed Law Enforcement Officer." Of course, this type of amendment does not relate back to the date of the original Complaint. *See Motley v. BWP Transp., Inc.*, 2019 WL 5086071, at *4-5 (N.D. Ohio Oct. 10, 2019) (discussing *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012)). Downing argues that this is a mischaracterization of his amendment and that he is actually substituting Eaves for Chitwood.

At summary judgment, the plaintiff is required to point to specific facts showing that the amended complaint should relate back to the original complaint. *See Keene v. Justice*, 2008 WL 1134418, at *3 (E.D. Ky. Nov. 21, 2008). Obviously, this is not a motion for summary judgment and the parties have not had an opportunity to develop facts sufficient to resolve these questions. Accordingly, the defendant's motion to dismiss the § 1983 and assault and battery claims will be denied, without prejudice, and the parties will be permitted to engage in limited discovery regarding relation-back at which time the Court would consider a motion for summary judgment on this issue.

### III.

A plaintiff cannot bring a claim for intentional infliction of emotional distress ("IIED") when he has redress for emotional damages through a traditional cause of action unless the defendant's conduct was "intended only to cause extreme emotional distress in the victim." *Horn v. City of Covington*, 2015 WL 4042154, at *11 (E.D. Ky. July 1, 2015) (citing *Childers*

*v. Geile*, 367 S.W.3d 576, 582 (Ky. 2012)).  In other words, "the intent to cause emotional distress must be the "gravamen of the tort." *Id.*

Damages for emotional distress are available under § 1983 and for assault and battery claims.  *See Pembaur v. City of Cincinnati*, 882 F.2d 1101, 1104 (6th Cir. 1989); *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. Ct. App. 1993).  Further, Downing has not alleged *any* facts to suggest that he knew Eaves, that he had any verbal interaction with Eaves, or that Eaves otherwise acted in a manner intended to cause extreme emotional distress. *See Horn*, 2015 WL 4042154 at *12 ("the acts alleged are purely violent in nature . . . and there are no facts that lead to a plausible inference that Jones was motivated by a desire to humiliate or embarrass Horn.").

The same reasoning applies to claims for negligent infliction of emotional distress ("NIED"), which also is largely a gap-filler cause of action.  *Id.* (collecting cases).  Downing does not allege any facts that are unique to the claims for IIED and/or NIED; instead, these claims arise out of the same set of facts as the § 1983 and assault and battery claims.  And because damages for emotional harm are available under the traditional torts alleged, Downing's claims for IIED and NIED fail as a matter of law.

## IV.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Defendant Brian Eaves' motion to dismiss [Record No. 28] is **GRANTED**, in part, and **DENIED**, in part.

2. The portion of Eaves' motion seeking to dismiss the plaintiff's claims under 42 U.S.C. § 1983 and for state-law assault and battery is **DENIED**, without prejudice.

3.  Downing's claims against Eaves for intentional infliction of emotional distress and negligent infliction of emotional distress are **DISMISSED**, with prejudice.

4.  The parties shall have 60 days from the date of this Order to conduct discovery on the issue of whether the Amended Complaint naming Eaves as a defendant relates back to the original Complaint. At the close of that period, the Court would consider a motion for summary judgment supported by the relevant facts on this issue.

Dated: February 23, 2021.

<u>Danny C. Reeves</u>, Chief Judge
United States District Court
Eastern District of Kentucky